## THE STATE, DEFENDANT IN ERROR, v. JOSEPH SERRITELLA, PLAINTIFF IN ERROR.

Submitted December 11, 1916—Decided March 5, 1917.

On error to the Supreme Court, whose opinion is reported in 89 *N. J. L.* 127.

For the plaintiff in error, *Frank M. McDermit.*

For the state, *Jacob L. Newman,* prosecutor of the pleas, and *Andrew Van Blarcom,* assistant prosecutor.

PER CURIAM.

The judgment of the Supreme Court should be affirmed, for the reasons given in the opinion of Mr. Justice Bergen in that court, except as to the point herein discussed.

The trial judge charged that one of the witnesses, a small boy, was "corroborated by one of the other boys, who says," &c. Upon the review in the Supreme Court on strict writ of error, and also under section 136 of the Criminal Procedure act, it was urged that the testimony adverted to was not corroborative, and the Supreme Court held that it was. We find ourselves unable to concur with the Supreme Court on this point, but this does not work a reversal. The language used is only comment on the evidence. If it were a statement of a fundamental fact as having been proved, and were erroneous and properly made the foundation of a review, it would probably lead to a reversal, as in *Smith & Bennett v. State,* 41 *N. J. L.* 370; but if merely comment not binding on the jury, and whose error in fact is not pointed out to the court, it will not avail the defendant even under section 136. *State v. Kroll,* 87 *Id.* 330, 331; *State v. Lovell,* 88 *Id.* 353. The record does not show that the attention of the court was in any way drawn to this misrecital of the testimony, of whose inaccuracy the jury were quite competent to judge.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, TREN-
CHARD, PARKER, MINTURN, KALISCH, BLACK, WHITE, HEP-
PENHEIMER, WILLIAMS, GARDNER, JJ.   11.

*For reversal*—None.